FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES G. N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:18-CV-3238-RMP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY |

Before the Court is a motion by Plaintiff James G. N.'s[1] counsel to substitute

the plaintiff in this action. ECF No. 10. Counsel learned that James G., regrettably,

died on March 23, 2019, and counsel now seeks to substitute James G.'s adult son,

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and middle and last initials, and, subsequently, Plaintiff's first name and middle initial only, throughout this decision.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR SUBSTITUTION OF PARTY ~ 1

James N.[2], in his stead.  *See* ECF No. 11.  The Commissioner of Social Security

("Commissioner") did not file any opposition to the request.

James G. is appealing the Commissioner's partial denial of his claims for

disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act.  ECF No. 12 (Plaintiff's Motion for Summary

Judgment).  James G.'s death certificate and his son's declaration establish that

James G. was not married at the time of his death and that he is survived by James

N. and a second, younger adult son.  ECF Nos. 10-1 and 11.

Federal Rule of Civil Procedure 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In circumstances under which a party's death is first mentioned in the record

by the motion for substitution, courts have construed the motion to be a notice of

death.  *See, e.g., Person v. Comm'r of Soc. Sec.*, 2010 U.S. Dist. LEXIS 120189, *4

(E.D.N.Y. Nov. 10, 2010).

---

[2] The Court uses only the first name and last initial of Plaintiff's adult son, again, to serve the interests of privacy.

1    Plaintiff's motion for substitution of party is timely, as it was filed within

2  ninety days of Plaintiff's death and any notice of Plaintiff's death in this record. *See*

3  Fed. R. Civ. P. 25(a)(1).

4    Plaintiff does not address whether claims for supplemental security income or

5  disability insurance benefits are extinguished by the claimant's death.  However, the

6  relevant caselaw, regulations and statute, indicate that a claim for supplemental

7  security income under Title XVI of the Social Security Act is extinguished upon a

8  claimant's death without an eligible surviving spouse.  *See* 42 U.S.C. § 1383(b); 20

9  C.F.R. § 416.542(b)(4), (1); *Smith v. Califano*, 597 F.2d 152, 155 (9th Cir.), *cert.*

10 *denied* 444 U.S. 980 (1979).  It is undisputed that James G. is not survived by a

11 spouse.  By contrast, claims for disability insurance benefits under Title II may

12 survive the death of the claimant.  *See, e.g., Emeonye v. Astrue*, 2008 U.S.Dist.

13 LEXIS 36473, at *2, 2008 WL 19990822, at *1 (N.D. Cal. May 5, 2008) ("Although

14 Plaintiff's Claim for Supplemental Security Income benefits under Title XVI is

15 extinguished by this substitution, Plaintiff's claim for Social Security Disability

16 Insurance benefits under Title II is unaffected.  Therefore, the analysis regarding

17 Plaintiff's claim is unchanged by the substitution of Plaintiff's daughter for

18 Plaintiff.") (internal citation to record omitted).

19   Accordingly, Plaintiff's Motion for Substitution of Party, **ECF No. 10**, is

20 **GRANTED IN PART** and **DENIED IN PART**.  James N. is substituted for James

21

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR SUBSTITUTION OF PARTY ~ 3

G. as named Plaintiff in this action only with respect to Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, to add James N. as a plaintiff in this matter, and provide copies to counsel.

**DATED** July 2, 2019.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge